Howell, J.
This is an action to recover back the amount of a forged draft, deposited, it is alleged, in the City Bank for collection, and paid by plaintiff, for tlie credit of tho acceptor, on his faith in tho representations of said bank, as holder, of its genuineness. Tho answer, besides a goneral denial, sets forth the circumstances of the transaction, and the averments that defendants were strangers to the bill, that without any notice from them plaintiff voluntarily came forward and paid it, and that they had no intimation, for weeks after they paid over the amount to the holder, that it was a forgery.
Judgment was rendered in favor of defendants, and plaintiff appealed.
It appears, that on the 23d August, 1865, a draft purporting to be drawn by the clerk on, and accepted by the captain of the steamer Magnolia, of which plaintiff was the agent, for $1,200, payable op that day at *296 tlio City Bank of New Orleans, was left by a stranger at said bank, witli tlio instructions that, if no one called to pay it before three o’clock, it should be sent to a notary for protest; in about ton minutes another person called, asked for the draft, describing it, and paid it; in about an hour thereafter the party who had left the bill returned, and tlio money was handed to him; no entry of the transaction was made in the books of defendants; no stamp, according to custom, or endorsement, was put by them on tlio bill, which had been laid on a desk until it was called for and paid, and then the money placed in the same way until called for, and taken by the person, who left the bill. About three weeks after this, plaintiff called with the bill and a letter, addressed to him by the clerk of said steamer, requesting him to protect said bill, and stated that the receipt of this letter had caused him to send and pay tho bill; but ho had discovered both to be forgeries.
Under the circumstances, we think tho action of plaintiff relieved defendants from any liability, which may have attached for receiving what was not due. They were passive in the matter, and his conduct in voluntarily coming forward, asking for, describing and paying the bill, was an assurance to them that every thing was right, and not having any interest in the bill, they were thereby warranted in paying over to tlio real holder.
Judgment affirmed, with costs.